# EXHIBIT A

**CIVIL CASE INFORMATION STATEMENT**
**(CIS)**
Use for initial Law Division
Civil Part pleadings (not motion) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6( c),
If formation above the black bar is not completed
Or attorney's signature is not affixed.

**FOR USE BY CLERKS OFFICE ONLY**

PAYMENT TYPE: [ ] CK  [ ] CG  [ ] CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

| | |
|---|---|
| **1. ATTORNEY/ PRO SE NAME** Ms. Michelle Angelina | **2. TELEPHONE NUMBER** N/A – Incarcerated |

**3. COUNTY OF VENUE** MERCER

**4. FIRM NAME (if applicable)** Edna Mahan Correctional Facility for Women

**5. DOCKET NUMBER (when available)**

**6. OFFICE ADDRESS** 30 County Road, Route 513, P.o. Box 4004 Clinton, NJ 08809

**7. DOCUMENT TYPE** COMPLAINT

**8. JURY DEMAND** [ ] YES  ☑ NO

**9. NAME OF PARTY (e.g., John Doe, Plaintiff)** Ms. Michelle Angelina

**10. CAPTION** Angelina v. Rutgers UBHC Defendants et al

| | |
|---|---|
| **11. CASE TYPE NUMBER** (See reverse side for listing) 605, 005, 618, 604 | **12. HURRICANE SANDY RELATED?** [ ] YES  ☑ NO |

**13. IS THIS A PROFESSIONAL MALPRACTICE CASE?** [ ] YES  [ ] NO

IF YOU HAVE CHECKED "YES", SEE N.J.S.A 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OR MERIT.

**14. RELATED CASES PENDING?** [ ] YES  ☑ NO

**15. IF YES, LIST DOCKET NUMBERS**

**16. DO YOU ANTICIPATE ADDING ANY PARTIES** (arising out of same transaction or occurrence)? [ ] YES  ☑ NO

**17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)** [ ] None  ☑ Unknown

**THE INFORMATION PROVIDED ON THIS ORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINIG IF CASE IS APPROPRIATE FOR MEDIATION

**18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIPS?** ☑ YES  [ ] NO

IF YES, IS THAT RELATIONSHIP:
[ ] EMPLOYER/EMPLOYEE   [ ] FRIEND/NEIGHBOR   ☑ OTHER (EXPLAIN)
[ ] FAMILIAL   [ ] BUSINESS
Prison Health Care Provider / Prisoner

**19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT FEES BY THE LOSING PARTY?** ☑ YES  [ ] NO

**20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRENT INDIVIDUAL MAMNAGEMENT OR ACCELERATED DISPOSITION**
Failure to adjudicate and resolve this case speedily will very likely result in irreparable physical, mental and emotional harm to plaintiff.

**21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?** ☑ YES  [ ] NO

IF YES, IDENTIFY THE REQUESTED ACCOMMODATION Tele-loop interface for Oticon Siya 2 hearing aides.

**22. WILL AN INTERPRETER BE NEEDED?** [ ] YES  ☑ NO

IF YES, FOR WHAT LANGUAGE?

**23.** I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted fom all documents submitted in the future accordance with Rule 1:38-7 (b).

**24. ATTORNEY SIGNATURE** Ms. Michelle Angelina  Plaintiff, Pro se

Ms. Michelle Angelina, Pro-Se Plaintiff.
SBI# 339899-C/# 464418
Edna Mahan Correctional Facility for Women
Po. Box 4004, 30 County Road, Route 513
10641 Highway 80 East
Clinton, NJ 08809

---

| | |
|---|---|
| MICHELLE ANGELINA | : SUPERIOR COURT OF NEW JERSEY |
|     Plaintiff, | : LAW DIVISION – CIVIL. |
| | : COUNTY OF MERCER |
|        vs. | : |
| | : DOCKET NO.:_____ |
| MARCUS HICKS, COMMISSIONER, | : |
| New Jersey Department of | : |
| Corrections. | : |
| | : |
| VICTORIA KUHN, COMMISSIONER, | : VERIFIED CIVIL COMPLAINT |
| New Jersey Department of | : |
| Corrections. | : |
| | : |
| DR. ARTHUR BREWER | : |
| | : |
| DR. RALPH WOODWARD | : |
| | : |
| DR. HESHAM SOLIMAN, | : |
| | : |
| DR. SANDRA BRAIMBRIDGE, | : |
|     Individually, Jointly, | : |
|     Severally, and | : |
|     Alternatively, | : |
|     Defendants, et al. | : |
| | : |

---

## PRELIMINARY STATEMENT

This complaint is a civil rights action filed by Michelle Angelina,
a New Jersey State Prisoner presently confined at the Edna Mahan Correctional

Facility in Clinton, New Jersey, and complaining of violations of various State and Federal Constitutional Rights and State Statutory provisions by the named Defendants and their agents and employees in the failure and refusal to provide necesary and appropriate medical care to the Plaintiff, a post-operative transgender woman.

### JURISDICTION

This Court has Jurisdiction to hear this claim under the New Jersey Constitution Article I Paragraphs 12 and 21; and The New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq; The New Jersy Civil Rights Act, N.J.S.A.10:6-2 c. et seq; and New Jersey Law at N.J.S.A.17:48A-7II et seq., and N.J.S.A. 30:4D-9.1 et seq, and N.J.S.A.30:7E-7 et seq, and N.J.S.A.17B:26-2.1ii et seq, and N.J.S.A.17B:27-46.1oo et seq, and N.J.S.A. 17:48-6oo et seq, and N.J.S.A. 27A-7.22 et seq, and N.J.S.A. 26:2J-4.40; and U.S. Constitution and Amendments Five, Eight, and Fourteen.

### PARTIES

**(1)** PLAINTIFF MICHELLE ANGELINA is a post-operative transgender woman who is in the care and custody of the New Jersey Department of Corrections (hereinafter "NJDOC") and is presently confined at the Edna Mahan Correctional Facility for Women (hereinafter "EMCF") in Clinton, New Jersey. Plaintiff alleges that the Defendants have failed and refused to provide her with Medically Necessary and vital medical care required as treatment for her serious medical need resulting from her serious medical condition of Gender Dysphoria and, as a result, Plaintiff has suffered and continues to suffer and will continue to suffer physical and mental harm, anguish, pain and suffering.

**(2)** DEFENDANT MARCUS HICKS was functioning in the capacity of the Commissioner of NJDOC until the month of May 2021, and was responsible for the care (including but not limited to medical care) and custody of all Prisoners committed to the custody of NJDOC under NJSA 30:1B6. Defendant Marcus Hicks was acting in that capacity at the time Plaintiff sustained the injuries which are the subject of this complaint.

**(3)** DEFENDANT VICTORIA KUHN was functioning in the capacity of the Commissioner of NJDOC until the month of May 2021, and was responsible for the care (including but not limited to medical care) and custody of all Prisoners committed to the custody of NJDOC under NJSA 30:1B-6. Defendant Victoria Kuhn was acting in that capacity at the time Plaintiff sustained the injuries which are the subject of this complaint.

**(4)** DEFENDANT DR. ARTHUR BREWER is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implementation and enforcement of Rutgers University Behavioral Health Care (hereinafter "Rutgers UBHC") policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of Transsexualism and Gender Dysphoria (last update: 11-17-2015). Defendant Dr. Arthur Brewer is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries damages and harms sustained by Plaintiff.

**(5)** DEFENDANT DR. RALPH WOODWARD is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implmentation and enforcement of Rutgers UBHC policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of Transsexualism and Gender Dysphoria (last update: 11-17-2015). Defendant Dr. Ralph Woodward is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries damages and harms sustained by Plaintiff.

**(6)** DEFENDANT DR. HESHAM SOLIMAN is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implmentation and enforcement of Rutgers UBHC policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of

Transsexualism and Gender Dysphoria (last update: 11-17-2015). Defendant Dr. Hesham Solimon is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries, damages and harms sustained by Plaintiff.

**(7)** DEFENDANT SANDRA BRAIMBRIDGE is a medical doctor licensed to practice medicine in New Jersey, and was acting in that capacity at the Edna Mahan Correctional Facility for Women where Plaintiff resides, at the time of the injuries damages and harms sustained by Plaintiff. Defendant Sandra Braimbridge was and is responsible for providing direct medical care and treatment, including but not limited to medical examinations, evaluations, diagnoses and making determinations of medical necessity of treatments and/or prescriptions, etc., to all prisoners confined at EMCF in compliance with Rutgers UBHC policies and guidelines including, but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of Transsexualism and Gender Dysphoria (last update: 11-17-2015).

**STATEMENT OF CLAIMS**

**(8)** Plaintiff was committed to the custody of the NJDOC in the year 2002 and began a laborious and lengthy attempt to obtain Hormone Replacement Therapy (hereinafter "HRT") in the form of Contra-sex Hormones, namely Estrogen, and Gender Reassignment Surgery (hereinafter "GRS") or as it is sometimes also called Gender Confirmation Surgery (hereinafter "GCS") which consists of, but is not limited to, bilateral orchiectomy, penectomy, vaginoplasty, labioplasty, and cliteroplasty, as well as other medically necessary, complementary surgeries and procedures, including, but not limited to corrective permanent removal of male facial and body hair, and reconstructive feminizing breast augmentation as indicated as appropriate and necessary medical treatment for transgender patients in the DIagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR and DSM-5), the World Professional Association for Transgender Health (hereinafter "WPATH") Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, and the American Medical Association (hereinafter "AMA") and American Psychiatric Association (hereinafter "APA") policies and

standards and position statements for the care and treatment of Transgender patients, and the National Commission on Correctional Health Care (hereinafter "NCCHC") Transgender, Transsexual, and Gender Nonconforming Health Care in Correctional Settings Position Statement.

**(9)** After an enormous administrative battle which spanned more than ten years, plaintiff received the GRS surgery on the date of April 30, 2019, after having mutilated her penis by attempting to amputate the organ in her prison cell at the New Jersey State Prison (hereinafter "NJSP"). Plaintiff was not and never has been offered or provided the corrective permanent removal of her male facial and body hair or the feminizing reconstructive breast augmentation surgery.

**(10)** Plaintiff was transferred from the custody of NJSP to EMCF directly after her discharge from St. Francis Medical Center after post-operative recovery.

**(11)** Plaintiff has continued her struggle to obtain the further necessary and appropriate medical care related to her gender dysphoria during her confinement at EMCF. She authored a four-page letter to Rutgers University Correctional Health Care (hereinafter "Rutgers UCHC") Acting Statewide Patient Advocate Margret Reed on January 31, 2020, regarding her need for the remaining medical treatment which includes but is not limited to corrective permanent removal of male facial and body hair, and feminizing reconstructive breast augmentation surgery. The letter included case law citations related to provision of necessary medical care for incarcerated transgender patients.

**(12)** Plaintiff's letter of January 31, 2020 referenced policy statements and authorities such as the National Commission on Correctional Health Care Position Statement on Transgender Health Care and Treatment, and advised Ms. Reed to familiarize herself with this authority.

**(13)** On December 2, 2020, Ms. Margret Reed provided a response to an earlier letter by Plaintiff requesting assistance and intervention. Ms. Reed advised Plaintiff to seek medical care from Defendant Sandra Braimbridge at EMCF and also that Ms. Reed had forwarded Plaintiff's requests to statewide,

regional and EMCF medical directors for follow up and investigation. The requested and necessary medical treatment was not provided to Plaintiff.

**(14)** On the date of October 9, 2020, Assistant Ombudsperson, Melissa Matthews did notify Plaintiff through correspondence which acknowledged Plaintiff's September 29, 2020 telephone call to the Ombudsperson's Office related to the denial of corrective permanent removal of male facial and body hair and feminizing reconstructive breast augmentation surgery by the Defendants. Plaintiff's concerns were referred to the Rutgers UCHC Statewide Medical Patient Advocate, Margret Reed, and the Rutgers UCHC Medical Director, and NJDOC Director of Medical Services for investigation and action. The requested and necessary medical treatment was again not provided to Plaintiff.

**(15)** On November 7, 2020, Plaintiff submitted a grievance via the EMCF Grievance system which requested an in-person meeting with Defendant Dr. Hesham Solimon to discuss Plaintiff's medical need for corrective permanent removal of male facial and body hair and feminizing reconstructive breast augmentation surgery, and the failure and refusal of medical care providers at EMCF to provide such medical care. Plaintiff's request was referred to the NJDOC Central Office Health Services Unit. No further action was taken to provide the necessary medical care and the necessary medical treatment has still not been provided to plaintiff.

**(16)** On the date of January 26, 2021, Plaintiff submitted a grievance via the EMCF Grievance system which summarized plaintiff's numerous attempts to resolve the problem of Defendant's failure and refusal to provide the necessary and appropriate medical care for her gender dysphoria, including but not limited to corrective permanent removal of male facial and body hair, and feminizing reconstructive breast augmentation surgery. The response given to this grievance provided no relief to Plaintiff and she has still not been provided with the necessary and appropriate medical treatment she has been requesting, namely, corrective permanent removal of male facial and body hair, and feminizing reconstructive breast augmentation surgery.

**(17)** On February 5, 2021, Ms. Margret Reed authored a letter to Plaintiff in which Ms. Reed notified Plaintiff that Plaintiff's concerns and requests

about the need for corrective permanent removal of male facial and body hair and feminizing reconstructive breast augmentation surgery would be investigated and forwarded to various departments.

(18) The response by Margret Reed also referenced a "piece of equipment" that had been ordered by the Rutgers UBHC to alleviate Plaintiff's problems with facial hair. The "piece of equipment" was a CONAIR AA battery-powered beard trimmer that was never issued to Plaintiff by EMCF authorities because Plaintiff refused to accept the item as she has owned one of the same trimmers in Northern State Prison in 2007 which was given to her, brand new, by her cellmate Kenneth Allebach because it did not work, even with new batteries. The necessary and requested medical care and treatment was again still not provided to Plaintiff.

(19) On the following dates Plaintiff submitted additional and much more recent complaints, grievances and Electronic Health Services Request Forms for Corrective Permanent Removal of her Male Facial and Body Hair and Feminizing Reconstructive Breast Augmentation Surgery via the EMCF Electronic Grievance system. For the sake of brevity Plaintiff here lists the dates and reference numbers of those written electronic Grievance submissions: 1/17/2020, Ref.# EMCF20001831; 1/29/2020, Ref.# EMCF20003170; 2/7/2020, Ref.# EMCF20004489; 9/23/2020, Ref.# EMCF20030602; 9/28/2020, Ref.# EMCF20031224; 12/31/2020, Ref.# EMCF20042348; 7/4/2021, Ref.# EMCF21019699; 7/4/2021, Ref.# EMCF21019704; 7/4/2021, Ref.# EMCF21019718; 7/13/2021, Ref.# EMCF21020693; 7/21/2021, Ref.# EMCF21021545. No action or progress was ever made in response to any of these listed complaints and requests and the necessary and appropriate medical care requested by Plaintiff still has not been provided to Plaintiff.

(20) Plaintiff has been seeking medical treatment for her gender dysphoria for more than eighteen years and has been diagnosed with well documented and long-standing gender dysphoria which preceded her entry into the custody and care of the NJDOC. It was not until September 7, 2011 that Plaintiff began to receive estrogen hormone therapy and GRS on the date of April 30, 2019. Plaintiff has still not been provided with the medically necessary and appropriate permanent removal of male facial and body hair and feminizing

reconstructive breast augmentation surgery.

(21) The named Defendants are liable, individually, jointly, and alternatively, for the failure and deliberately indifferent refusal via a pattern and practice of arbitrary and capricious procrastination and prevarication, to provide Plaintiff with necessary and medically indicated medical care for her serious and well documented medical need do to and on the pretense of policies and procedures promulgated and/or enforced by each and all of the named Defendants as part of their employment and decision making responsibilities with the NJDOC and Rutgers UBHC.

(22) Due to the failure and deliberately indifferent refusal to provide Plaintiff with the medically necessary and appropriate medical treatments of Permanent Removal of Male Facial and BOdy Hair and Reconstructive Breast Augmentation Surgery, Plaintiff has suffered and continues to suffer severe mental anguish and physical pain and injury by the need for her to spend up to six hours each day plucking her male facial and body hair with cheap prison-approved tweezers available from the inmate commissary. This activity causes severe interference with Plaintiff's ADL's (Activities of Daily Living) which is one of the criteria in Rutgers UBHC's own policy that elevates a disorder or illness to the level of one that requires medically necessary treatment to ameliorate. Additionally, Plaintiff suffers severe and constant symptoms of her gender dysphoria due to her lack of any degree of female breast development. Plaintiff does not even have an inframammary crease to delineate her breasts from the rest of her chest. She additionally suffers physical breast pain and tenderness.

(23) The actions, refusal and failure to act, and the deliberate indifference to Plaintiff's serious medical condition and serious medical needs, displayed by the named Defendants, are the proximate cause of the damages, harm, pain, suffering, and injuries suffered by Plaintiff.

(24) The actions, refusal and failure to act, and the deliberate indifference to Plaintiff's serious medical condition and serious medical needs, displayed by the named Defendants, have resulted in violations of the Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth

Amendment of the United States Constitution, and Article 1, paragraph 12 of the New Jersey Constitution (1947); violates the statutory requirement of NJSA 30:7E-7 to provide contracted health care to inmates regardless of gender identity; violates the statutory requirement of NJSA 30:4D-9.1 to not discriminate against transgender persons in the provision of medical care; violates the statutory requirement of NJSA 17:48A-7II, NJSA 17:48-60o; NJSA 27A-7.22 and NJSA 26:2J-4.40 which prohibit discrimination against transgender patients in the provision of medical care; and violates U.S. COnstitutional Amendment Five and Fourteen (Due Process, Liberty Interest) guarantees as applied to Plaintiff.

WHEREFORE, Plaintiff seeks Judgment in her favor and against the named Defendants, individually, jointly, and in the alternative, for the relief specified below.

## RELIEF SOUGHT

**(1)** Plaintiff seeks an injunction from this court to compel the NJDOC and named Defendants to provide her with medically necessary care, to include, but not be necessarily limited to, Corrective Permanent Removal of Male Facial and Body Hair and Feminizing Reconstructive Breast Augmentation surgery with implantation of reasonable, average sized (approximately 150cc to 200cc) silicone breast prostheses in each breast, under the pectoral muscles, by a licensed, board certified plastic surgeon or other equally qualified surgeon with experience and expertise in this procedure in other transgender patients, as early as is practicable, but in no case later than sixty (60) days after the issuance of said injunction;

**(2)** Plaintiff seeks compensation for physical and mental pain and anguish inflicted by the actions and/or failure of the Defendants to act in the provisions of the specified necessary medical care to Plaintiff, said damages to include nominal, punitive, incidental, and discretionary damages;

**(3)** Plaintiff seeks reimbursement for expenses and costs of this suit;

**(4)** Any other further relief determined by this court to be justified and warranted by the facts of this case.


Dated:_____, 2021          _____

                                 Michelle Angelina, Pro Se Plaintiff


## CERTIFICATION


I certify that the foregoing factual statements made by me in this complaint are true and correct. I am aware that if any of the foregoing factual statements made by me are willfully false, I am subject to punishment under penalty of perjury under the laws of the state of New Jersey.


Date:_____, 2021           _____

                                 Michelle Angelina, Pro Se Plaintiff



## CERTIFICATION OF NO OTHER ACTIONS


I hereby certify that the dispute about which I am sing in this present matter is not the subject of any other action pending in any other court or pending at an arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.


Dated:_____, 2021

                    Signature:_____

                                 Michelle Angelina, Pro Se Plaintiff

Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Road, Route 513
Clinton, New Jersey 08809
(908)735-7111
Pro Se Plaintiff

_____

MICHELLE ANGELINA
Plaintiff

          vs.

MARCUS HICKS, COMMISSIONER, New Jersey
Department of Corrections,

VICTORIA KUHN, COMMISSIONER, New Jersey
Department of Corrections,

DR. ARTHUR BREWER,

DR. RALPH WOODWARD,

DR. HESHAM SOLIMAN,

DR. SANDRA BRAIMBRIDGE,
   Individually,    Jointly,    Severally,
  and Alternatively,

       Defendants
_____

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the County listed above within 35 days from the date you receive this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, Po. Box 971, Trenton, NJ 08625. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the Pro Se Plaintiff named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with a fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or

part of the judgment.

If you can not afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is provided.

Clerk of the Superior Court

DATED:_____, 2021

Name of Defendant to be Served:

Address of Defendant to be Served:

NOTE: The Case Information Statement is available at www.njcourts.com.

**PREPARED BY THE COURT**

_____

Michelle Angelina, SBI#339899c,                                   :

                                                           :   SUPERIOR COURT OF NEW JERSEY

Plaintiff,                                   :

                                                           :   MERCER COUNTY

                          vs.                                   :

                                                           :   Docket No. Mer-L-2481-21

Marcus Hicks, Commissioner, N.J. Dept. of Corrections,        :

et als.,                                   :   Civil Action

                                                           :

Defendants.                                   :   **ORDER FOR WAIVER OF FEES**

                                                           :

                                                           :

                                                           :

       **THIS MATTER** being opened to the Court by **Michelle Angelina, SBI#339899c**, is seeking a waiver of

filing fees on the grounds of indigency; and the Court having reviewed the papers submitted in support of this

application for a declaration of indigency and the waiver of filing fees pursuant to R. 1:13-2 or R. 2:7-1 and in

conjunction with AOC Directive #03-17,

       **IT IS** on this __29th____ day of __November_____, **2021**, **ORDERED that the application is:**

____√___ **GRANTED: All fees related to the filing shall be waived. The applicant is responsible for any costs**

**associated with the service and/or advertising/publishing of any complaint.  If applicant is awarded more**

**than $2000 in this case, the applicant is responsible to repay any and all fees waived as determined by the**

**court.**

_____ DENIED:

     ___ Failure to establish household income is below 150% of the federal poverty level and/or that

applicant has no more than $2500 in liquid assets;

     _____ Failure to produce most recent award statement of proof of eligibility for public assistance and/or

social security disability;

     _____ Failure to produce two (2) months of documentation for welfare, public assistance, unemployment,

disability, social security, child support/alimony or other income; and/or failure to produce six (6) months

of all bank account statements;

     _____ The court finds that the complaint, application, motion, appeal, petition or other filing is frivolous

or malicious or constitutes an abuse of process.

**IT IS FURTHER ORDERED** that the applicant shall serve a copy of this Order on all parties within seven (7) days from the date of this Order. This order expires one year after the final disposition of the case/judgment. If filed on appeal, the provisions of Rule 2:7-4 shall apply. Once the fee waiver has expired, the litigant is required to file another request for any further waiver of fees in this matter.

                                                     /s/ Douglas H. Hurd

                                            HONORABLE DOUGLAS H. HURD, P.J. CV.

# EXHIBIT B

DATE:   AUGUST 20, 2021 / ELUL 12, 5781

TO:      MERCER COUNTY CIVIL COURTHOUSE
         175 S. BROAD ST., PO. BOX 8068
         TRENTON, NEW JERSEY 08650-0068

FROM:   MS. MICHELLE ANGELINA, SBI# 339899-C,
        PLAINTIFF, PRO SE.
        EDNA MAHAN CORRECTIONAL FACILITY FOR WOMEN
        30 COUNTY ROAD, ROUTE 513, PO. BOX 4004
        CLINTON, NEW JERSEY 08809

RE:     FILING OF STATE CIVIL COMPLAINT - PLEASE SEE ENCLOSED.

RECEIVED

SEP. 2 0 2021

SUPERIOR COURT OF NJ
MERCER VICINAGE
CIVIL DIVISION

DEAR CLERK OF THE MERCER COUNTY CIVIL COURTHOUSE,
        PLEASE FIND ENCLOSED ~~SEVEN (7)~~ Nine (9) ORIGINAL, TRUE COPIES OF
MY MY CIVIL VERIFIED COMPLAINT - ~~FIVE (5)~~ (6) COPIES, ONE (1) FOR
EACH DEFENDANT AND TWO (2) ADDITIONAL COPIES FOR THE COURT WITH
SUMMONSES FOR EACH DEFENDANT; AND ONE COPY EACH OF: CIVIL CASE
INFORMATION STATEMENT FORM, CERTIFICATION/PETITION/APPLICATION
IN SUPPORT OF A FEE WAIVER (SIGNED AND DATED AUGUST 12, 2021),
ORDER WAIVING FILING FEES, AND MY CERTIFIED SIX-MONTH INMATE
TRUST ACCOUNT STATEMENT AS PROOF OF MY INDIGENCY.
        PLEASE ACCEPT THESE FOR FILING WITH THIS COURT AND
ASSIGNMENT OF TRACK, DOCKET NUMBER AND PRETRIAL JUDGE, DISCOVERY
DAYS NUMBER, AND RETURN COPIES TO ME FOR EACH DEFENDANT FOR
SERVICE UPON EACH DEFENDANT VIA THE MERCER COUNTY SHERIFF FOR
MERCER COUNTY DEFENDANTS AND VIA THE HUNTERDON COUNTY SHERIFF
FOR HUNTERDON COUNTY DEFENDANTS. PLEASE ALSO BE SURE TO RETURN
TO ME COPIES OF THE SIGNED AND STAMPED AS FILED AND
APPROVED/GRANTED ORDER WAIVING FILING FEES AS WELL AS COPIES
OF THE SUMMONSES FOR EACH DEFENDANT PLUS ONE COPY FOR MY RECORDS.
        THANKING YOU IN ADVANCE FOR YOUR MUCH ANTICIPATED ASSISTANCE
AND COOPERATION IN REGARD TO ALL OF THE ABOVE AND ENCLOSED...

SINCERLEY & RESPECTFULLY,   _MS. Michelle Angelina_
                            MS. MICHELLE ANGELINA, PLAINTIFF, PRO SE

Aug. 20, 2021

**NOTICE:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

| | |
|---|---|
| Name | Michelle Angelina, Pro Se, # 339899C |
| Address | E.M.C.F., P.O. Box 4004, Clinton, N.J., 08809 |
| Telephone | (908) 735-7111 |
| E-mail | Not Applicable |

Superior _____ Court of New Jersey
Mercer _____ County (if applicable)
Docket Number: _____

MICHELLE ANGELINA,
　　　　Plaintiff(s)/Appellant(s)

vs.

Marcus Hicks, Commissioner, New Jersey
Dept. of Corrections; Victoria Kuhn,
Commissioner, New Jersey Dept. of Corrections; et al
　　　　Defendant(s)/Respondent(s)

**Certification/Petition/Application in
Support of a Fee Waiver**

I/We, _____ Michelle Angelina _____ Am/are the
( [X]*plaintiff (s)*/ [ ]*appellants(s)*/ [ ]*defendant(s)*/ [ ]*respondent(s)*) in the above-captioned matter and I/we make this certification in support of my/our request for a filing fee waiver to *Rule* 1:13-2 or *Rule* 2:7-1.

1. 　　**I/we am requesting this relief because I/we** do not have sufficient funds or assets with which to pay the filing fees associated with this action.

2. 　　**I/We ( [x ]am/ [ ]am not/ [ ]are/ [ ]are not) an inmate in State prison or County Jail.\***

> **\*Attachments necessary**: if you are a state or county jail inmate, you must attach a certified copy of your prisoner's fund account statement from the appropriate correctional institution for the six months immediately preceding the date of this application. If you are requesting a waiver of the partial filing fee requirement set forth in N.J.S.A. 30:4-16.3, you must attach an affidavit of special circumstances.

3. 　　I have been determined to be eligible for one or more of the following: [Check applicable boxes]
　　　　[ ] Public Assistance (please provide your most recent award statement as proof of eligibility);
　　　　[ ] Social Security Disability (please provide your most recent award statement as proof of eligibility)

4. 　　Below is an accurate and full disclosure of my financial situation. I financially support ___0___ dependents (not including myself). (A dependent is an individual who is a child or relative who resides in the home and Relies on you for more than half of his/her support in any calendar year).
　　　　**Attachment necessary:**
　　　　　　**Provide two months of documentation for the following:**
　　　　　　• Welfare, Public assistance, unemployment, Disability, Social Security, child Support/Alimony, other income.
　　　　　　**Provide six months of bank statements for the following:**
　　　　　　• All banks accounts.

5.      I/we ([ ]am/ [X ]am not/ [ ]are/ [ ]are not) claimed as a dependent on someone else's tax return.

Employer's Name, Address and Telephone Number:

       [X] Plaintiff   [ ] Defendant      is presently incarcerated and unemployed

**Complete the Following Information:**

| | | | |
|---|---|---|---|
| Net Monthly Income | $165.00 | House(s)/Land Market Value | $0.00 |
| Spousal/Cohabitant Contribution | 0 | Value of All Motor Vehicles | 0 |
| Unemployment/ Disability | 0 | Cash | 0 |
| Social Security | 0 | Current Balance Checking Accts. | 0 |
| Veterans Administration | 0 | Current Balance Savings Accts. | 0 |
| Pension | 0 | Civil Judgment Awards/ Pending | 0 |
| Public Subsidies | 0 | Current Value of Stock/ Bonds | 0 |
| Child Support/ Alimony | 0 | Face Value of CDs/ IRAs/ 401Ks | 0 |
| Housing Subsidies | 0 | Money Market Accounts | 0 |
| Trust Fund Income | 0 | Retrievable Bail Amt. & Location | 0 |
| Income from Rental Properties | 0 | Other Assets (Include Prison Trust Account) | $14.04 |
| Total Monthly Income | $165.00 | Total Assets | $14.04 |

6.      I/We understand that I/we am/are under a continuing obligation to notify the court of a change in my financial status.

# Certification

I/We certify that the foregoing statements made by **me**/us are true. I/We am/are aware that if any of the foregoing statements made by **me**/us are willfully false, I/we am/are subject to punishment.

I/We further certify that in accordance with Court Rule 1:38-7(b) all confidential personal identities have been redacted and that subsequent papers submitted to the court will not contain confidential personal identities.

August 12,----------, 2021
Date

                       Ms. Michelle Angelina
                       Print your name(s)

                       Signature(s)

**Notice:** This is a public document. Do not enter personal identifying information on it, such as your full Social Security number, driver's license number, insurance policy number, vehicle plate number or active financial account or credit card number. This document as submitted will be available to the public upon request.

| | |
|---|---|
| Name | Michelle Angelina, Pro Se, # 339899C |
| Address | EMCF, P.O. Box 4004, Clinton, N.J., 08809 |
| Telephone | (908) 735-7111 |
| Email | Not Applicable |

Superior _____ Court of New Jersey

Mercer _____ County (if applicable)

Docket Number _____

MICHELLE ANGELINA, _____
                Plaintiff(s)/Appellant(s)

                        vs.

Marcus Hicks, Commissioner, New Jersey Dept.
of Corrections; Victoria kuhn, Commissioner,
New Jersey Dept. of Corrections; et al
_____ Defendant(s)/Respondent(s)

**Order Waiving Filing Fees**

This matter having been brought before the court on application of _____ Michelle Angelina _____
([X] plaintiff(s)/ [ ] appellant(s)/ [ ] defendant(s)/ [ ] respondent(s) for an **Order** waiving filing fees pursuant to *Rule* 1:13-2 or *Rule* 2:7-1, and the Court having considered the moving party's financial information, the matter and for good cause appearing:

**(Do not write below this line, FOR COURT USE ONLY)**

It is on this _____ day of _____, 20 _____, **ORDERED** that the application for a fee waiver is

**[ ] Granted        [ ] Denied**

_____

---

Revised: 09/25/08 CN 11208                                                        page 8 of 8

# CERTIFICATION OF ACCOUNT STATEMENT

Pursuant to N.J.S.A. 30:4-16.3, attached is a copy of the inmate's fund account statement for inmate

Angelina, Michelle Hel-Loki /SBI# 338899C

For the six months preceding the filing of this action.

I certify that the attached trust fund account statement is true and correct.

Dated: August 18, 2021

Authorized Officer of Institution

**CIVIL CASE INFORMATION STATEMENT**
(CIS)
Use for initial Law Division
Civil Part pleadings (not motion) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6( c),
If information above the black bar is not completed
Or attorney's signature is not affixed

| FOR USE BY CLERKS OFFICE ONLY |
| --- |
| PAYMENT TYPE: [ ] CK  [ ] CG [ ] CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| 1. ATTORNEY/ PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
| --- | --- | --- |
| Ms. Michelle Angelina | N/A - Incarcerated | MERCER |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
| --- | --- |
| Edna Mahan Correctional Facility for Women | |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
| --- | --- |
| 30 County Road, Route 513, Po. Box 4004 Clinton, NJ 08809 | COMPLAINT |
| | 8. JURY DEMAND [ ] YES ☑ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
| --- | --- |
| Ms. Michelle Angelina | Angelina v. Rutgers UBHC Defendants et al |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? [ ] YES  [ ] NO |
| --- | --- | --- |
| 605, 005, 618, 604 | [ ] YES ☑ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OR MERIT. |

| 14. RELATED CASES PENDING? | 15. IF YES, LIST DOCKET NUMBERS |
| --- | --- |
| [ ] YES [✓] NO | |

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
| --- | --- |
| [ ] YES [✓] NO | [ ] None [✓] Unknown |

**THE INFORMATION PROVIDED ON THIS ORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINIG IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIPS? | IF YES, IS THAT RELATIONSHIP: |
| --- | --- |
| [✓] YES [ ] NO | [ ] EMPLOYER/EMPLOYEE     [ ] FRIEND/NEIGHBOR     [✓] OTHER (EXPLAIN) [ ] FAMILIAL     [ ] BUSINESS Prison Health Care Provider / Prisoner |

| 19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT FEES BY THE LOSING PARTY? [✓] YES [ ] NO |
| --- |

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARENT INDIVIDUAL MAMNAGEMENT OR ACCELERATED DISPOSITION
Failure to adjudicate and resolve this case speedily will very likely result in irreparable physical, mental and emotional harm to plaintiff.

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, IDENTIFY THE REQUESTED ACCOMMODATION |
| --- | --- |
| [✓] YES [ ] NO | Tele-loop interface for Oticon Siya 2 hearing aides. |

| 22. WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| --- | --- |
| [ ] YES [✓] NO | |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted fom all documents submitted in the future accordance with Rule 1:38-7 (b).

24. ATTORNEY SIGNATURE      Ms. Michelle Angelina    Plaintiff, Pro se

Ms. Michelle Angelina, Pro-Se Plaintiff.
SBI# 339899-C/# 464418
Edna Mahan Correctional Facility for Women
Po. Box 4004, 30 County Road, Route 513
10641 Highway 80 East
Clinton, NJ 08809

--------------------------------------------------------------

| | | |
|---|---|---|
| MICHELLE ANGELINA | : | SUPERIOR COURT OF NEW JERSEY |
|     Plaintiff, | : | LAW DIVISION – CIVIL. |
| | : | COUNTY OF MERCER |
|       vs. | : | |
| | : | DOCKET NO.:_____ |
| MARCUS HICKS, COMMISSIONER, | : | |
| New Jersey Department of | : | |
| Corrections. | : | |
| | : | |
| VICTORIA KUHN, COMMISSIONER, | : | VERIFIED CIVIL COMPLAINT |
| New Jersey Department of | : | |
| Corrections. | : | |
| | : | |
| DR. ARTHUR BREWER | : | |
| | : | |
| DR. RALPH WOODWARD | : | |
| | : | |
| DR. HESHAM SOLIMAN, | : | |
| | : | |
| DR. SANDRA BRAIMBRIDGE, | : | |
|     Individually, Jointly, | : | |
|     Severally, and | : | |
|     Alternatively, | : | |
|     Defendants, et al. | : | |
| | : | |

## PRELIMINARY STATEMENT

This complaint is a civil rights action filed by Michelle Angelina,
a New Jersey State Prisoner presently confined at the Edna Mahan Correctional

Facility in Clinton, New Jersey, and complaining of violations of various State and Federal Constitutional Rights and State Statutory provisions by the named Defendants and their agents and employees in the failure and refusal to provide necesary and appropriate medical care to the Plaintiff, a post-operative transgender woman.

## JURISDICTION

This Court has Jurisdiction to hear this claim under the New Jersey Constitution Article I Paragraphs 12 and 21; and The New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq; The New Jersy Civil Rights Act, N.J.S.A.10:6-2 c. et seq; and New Jersey Law at N.J.S.A.17:48A-7II et seq., and N.J.S.A. 30:4D-9.1 et seq, and N.J.S.A.30:7E-7 et seq, and N.J.S.A.17B:26-2.1ii et seq, and N.J.S.A.17B:27-46.1oo et seq, and N.J.S.A. 17:48-6oo et seq, and N.J.S.A. 27A-7.22 et seq, and N.J.S.A. 26:2J-4.40; and U.S. Constitution and Amendments Five, Eight, and Fourteen.

## PARTIES

**(1)** PLAINTIFF MICHELLE ANGELINA is a post-operative transgender woman who is in the care and custody of the New Jersey Department of Corrections (hereinafter "NJDOC") and is presently confined at the Edna Mahan Correctional Facility for Women (hereinafter "EMCF") in Clinton, New Jersey. Plaintiff alleges that the Defendants have failed and refused to provide her with Medically Necessary and vital medical care required as treatment for her serious medical need resulting from her serious medical condition of Gender Dysphoria and, as a result, Plaintiff has suffered and continues to suffer and will continue to suffer physical and mental harm, anguish, pain and suffering.

**(2)** DEFENDANT MARCUS HICKS was functioning in the capacity of the Commissioner of NJDOC until the month of May 2021, and was responsible for the care (including but not limited to medical care) and custody of all Prisoners committed to the custody of NJDOC under NJSA 30:1B6. Defendant Marcus Hicks was acting in that capacity at the time Plaintiff sustained the injuries which are the subject of this complaint.

**(3)** DEFENDANT VICTORIA KUHN was functioning in the capacity of the Commissioner of NJDOC until the month of May 2021, and was responsible for the care (including but not limited to medical care) and custody of all Prisoners committed to the custody of NJDOC under NJSA 30:1B-6. Defendant Victoria Kuhn was acting in that capacity at the time Plaintiff sustained the injuries which are the subject of this complaint.

**(4)** DEFENDANT DR. ARTHUR BREWER is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implementation and enforcement of Rutgers University Behavioral Health Care (hereinafter "Rutgers UBHC") policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of Transsexualism and Gender Dysphoria (last update: 11-17-2015). Defendant Dr. Arthur Brewer is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries damages and harms sustained by Plaintiff.

**(5)** DEFENDANT DR. RALPH WOODWARD is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implmentation and enforcement of Rutgers UBHC policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of Transsexualism and Gender Dysphoria (last update: 11-17-2015). Defendant Dr. Ralph Woodward is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries damages and harms sustained by Plaintiff.

**(6)** DEFENDANT DR. HESHAM SOLIMAN is a medical doctor licensed to practice medicine in New Jersey and is/was responsible for contributing to the development, implmentation and enforcement of Rutgers UBHC policies, procedures and guidelines, including but not limited to, the Rutgers UBHC Integrated Guidelines for the Diagnosis, Treatment, and Management of

Transsexualism and Gender Dysphoria  (last update: 11-17-2015).  Defendant Dr. Hesham Solimon is/was also responsible for overseeing and directing the actions of Defendant Sandra Braimbridge and all other physicians and nursing staff personnel in all NJDOC correctional facilities and prisons at the time of the injuries, damages and harms sustained by Plaintiff.

**(7)** DEFENDANT  SANDRA  BRAIMBRIDGE  is a medical doctor licensed to practice medicine in New Jersey, and was acting in that capacity at the Edna Mahan Correctional Facility for Women where Plaintiff resides, at the time of the injuries damages and harms sustained by Plaintiff. Defendant Sandra Braimbridge was and is responsible for providing direct medical care and treatment, including but not limited to medical examinations, evaluations, diagnoses and making determinations of medical necessity of treatments and/or prescriptions, etc., to all prisoners confined at EMCF in compliance with Rutgers UBHC policies and guidelines including, but not limited to, the Rutgers  UBHC  Integrated  Guidelines  for  the  Diagnosis,  Treatment,  and Management of Transsexualism and Gender Dysphoria  (last update: 11-17-2015).

<u>STATEMENT OF CLAIMS</u>

**(8)** Plaintiff was committed to the custody of the NJDOC in the year 2002 and began a laborious and lengthy attempt to obtain Hormone Replacement Therapy (hereinafter "HRT") in the form of Contra-sex Hormones, namely Estrogen, and Gender Reassignment Surgery (hereinafter "GRS") or as it is sometimes also called Gender Confirmation Surgery (hereinafter "GCS") which consists of, but is not limited to, bilateral orchiectomy, penectomy, vaginoplasty, labioplasty, and cliteroplasty, as well as other medically necessary, complementary surgeries and procedures, including, but not limited to corrective permanent removal of male facial and body hair, and reconstructive feminizing breast augmentation as indicated as appropriate and necessary medical treatment for transgender patients in the DIagnostic and Statistical Manual of Mental Disorders (DSM-IV-TR and DSM-5), the World Professional  Association  for  Transgender  Health  (hereinafter  "WPATH") Standards of Care for the Health of Transsexual, Transgender, and Gender Nonconforming People, and the American Medical Association (hereinafter "AMA") and  American  Psychiatric  Association  (hereinafter  "APA")  policies  and

standards and position statements for the care and treatment of Transgender patients, and the National Commission on Correctional Health Care (hereinafter "NCCHC") Transgender, Transsexual, and Gender Nonconforming Health Care in Correctional Settings Position Statement.

**(9)** After an enormous administrative battle which spanned more than ten years, plaintiff received the GRS surgery on the date of April 30, 2019, after having mutilated her penis by attempting to amputate the organ in her prison cell at the New Jersey State Prison (hereinafter "NJSP"). Plaintiff was not and never has been offered or provided the corrective permanent removal of her male facial and body hair or the feminizing reconstructive breast augmentation surgery.

**(10)** Plaintiff was transferred from the custody of NJSP to EMCF directly after her discharge from St. Francis Medical Center after post-operative recovery.

**(11)** Plaintiff has continued her struggle to obtain the further necessary and appropriate medical care related to her gender dysphoria during her confinement at EMCF. She authored a four-page letter to Rutgers University Correctional Health Care (hereinafter "Rutgers UCHC") Acting Statewide Patient Advocate Margret Reed on January 31, 2020, regarding her need for the remaining medical treatment which includes but is not limited to corrective permanent removal of male facial and body hair, and feminizing reconstructive breast augmentation surgery. The letter included case law citations related to provision of necessary medical care for incarcerated transgender patients.

**(12)** Plaintiff's letter of January 31, 2020 referenced policy statements and authorities such as the National Commission on Correctional Health Care Position Statement on Transgender Health Care and Treatment, and advised Ms. Reed to familiarize herself with this authority.

**(13)** On December 2, 2020, Ms. Margret Reed provided a response to an earlier letter by Plaintiff requesting assistance and intervention. Ms. Reed advised Plaintiff to seek medical care from Defendant Sandra Braimbridge at EMCF and also that Ms. Reed had forwarded Plaintiff's requests to statewide,

regional and EMCF medical directors for follow up and investigation. The
requested and necessary medical treatment was not provided to Plaintiff.

(14) On the date of October 9, 2020, Assistant Ombudsperson, Melissa Matthews
did notify Plaintiff through correspondence which acknowledged Plaintiff's
September 29, 2020 telephone call to the Ombudsperson's Office related to
the denial of corrective permanent removal of male facial and body hair and
feminizing reconstructive breast augmentation surgery by the Defendants.
Plaintiff's concerns were referred to the Rutgers UCHC Statewide Medical
Patient Advocate, Margret Reed, and the Rutgers UCHC Medical Director, and
NJDOC Director of Medical Services for investigation and action. The requested
and necessary medical treatment was again not provided to Plaintiff.

(15) On November 7, 2020, Plaintiff submitted a grievance via the EMCF
Grievance system which requested an in-person meeting with Defendant Dr.
Hesham Solimon to discuss Plaintiff's medical need for corrective permanent
removal of male facial and body hair and feminizing reconstructive breast
augmentation surgery, and the failure and refusal of medical care providers
at EMCF to provide such medical care. Plaintiff's request was referred to
the NJDOC Central Office Health Services Unit. No further action was taken
to provide the necessary medical care and the necessary medical treatment
has still not been provided to plaintiff.

(16) On the date of January 26, 2021, Plaintiff submitted a grievance via
the EMCF Grievance system which summarized plaintiff's numerous attempts
to resolve the problem of Defendant's failure and refusal to provide the
necessary and appropriate medical care for her gender dysphoria, including
but not limited to corrective permanent removal of male facial and body hair,
and feminizing reconstructive breast augmentation surgery. The response given
to this grievance provided no relief to Plaintiff and she has still not been
provided with the necessary and appropriate medical treatment she has been
requesting, namely, corrective permanent removal of male facial and body
hair, and feminizing reconstructive breast augmentation surgery.

(17) On February 5, 2021, Ms. Margret Reed authored a letter to Plaintiff
in which Ms. Reed notified Plaintiff that Plaintiff's concerns and requests

about the need for corrective permanent removal of male facial and body hair and feminizing reconstructive breast augmentation surgery would be investigated and forwarded to various departments.

**(18)** The response by Margret Reed also referenced a "piece of equipment" that had been ordered by the Rutgers UBHC to alleviate Plaintiff's problems with facial hair. The "piece of equipment" was a CONAIR AA battery-powered beard trimmer that was never issued to Plaintiff by EMCF authorities because Plaintiff refused to accept the item as she has owned one of the same trimmers in Northern State Prison in 2007 which was given to her, brand new, by her cellmate Kenneth Allebach because it did not work, even with new batteries. The necessary and requested medical care and treatment was again still not provided to Plaintiff.

**(19)** On the following dates Plaintiff submitted additional and much more recent complaints, grievances and Electronic Health Services Request Forms for Corrective Permanent Removal of her Male Facial and Body Hair and Feminizing Reconstructive Breast Augmentation Surgery via the EMCF Electronic Grievance system. For the sake of brevity Plaintiff here lists the dates and reference numbers of those written electronic Grievance submissions: 1/17/2020, Ref.# EMCF20001831; 1/29/2020, Ref.# EMCF20003170; 2/7/2020, Ref.# EMCF20004489; 9/23/2020, Ref.# EMCF20030602; 9/28/2020, Ref.# EMCF20031224; 12/31/2020, Ref.# EMCF20042348; 7/4/2021, Ref.# EMCF21019699; 7/4/2021, Ref.# EMCF21019704; 7/4/2021, Ref.# EMCF21019718; 7/13/2021, Ref.# EMCF21020693; 7/21/2021, Ref.# EMCF21021545. No action or progress was ever made in response to any of these listed complaints and requests and the necessary and appropriate medical care requested by Plaintiff still has not been provided to Plaintiff.

**(20)** Plaintiff has been seeking medical treatment for her gender dysphoria for more than eighteen years and has been diagnosed with well documented and long-standing gender dysphoria which preceded her entry into the custody and care of the NJDOC. It was not until September 7, 2011 that Plaintiff began to receive estrogen hormone therapy and GRS on the date of April 30, 2019. Plaintiff has still not been provided with the medically necessary and appropriate permanent removal of male facial and body hair and feminizing

reconstructive breast augmentation surgery.

**(21)** The named Defendants are liable, individually, jointly, and alternatively, for the failure and deliberately indifferent refusal via a pattern and practice of arbitrary and capricious procrastination and prevarication, to provide Plaintiff with necessary and medically indicated medical care for her serious and well documented medical need do to and on the pretense of policies and procedures promulgated and/or enforced by each and all of the named Defendants as part of their employment and decision making responsibilities with the NJDOC and Rutgers UBHC.

**(22)** Due to the failure and deliberately indifferent refusal to provide Plaintiff with the medically necessary and appropriate medical treatments of Permanent Removal of Male Facial and BOdy Hair and Reconstructive Breast Augmentation Surgery, Plaintiff has suffered and continues to suffer severe mental anguish and physical pain and injury by the need for her to spend up to six hours each day plucking her male facial and body hair with cheap prison-approved tweezers available from the inmate commissary. This activity causes severe interference with Plaintiff's ADL's (Activities of Daily Living) which is one of the criteria in Rutgers UBHC's own policy that elevates a disorder or illness to the level of one that requires medically necessary treatment to ameliorate. Additionally, Plaintiff suffers severe and constant symptoms of her gender dysphoria due to her lack of any degree of female breast development. Plaintiff does not even have an inframammary crease to delineate her breasts from the rest of her chest. She additionally suffers physical breast pain and tenderness.

**(23)** The actions, refusal and failure to act, and the deliberate indifference to Plaintiff's serious medical condition and serious medical needs, displayed by the named Defendants, are the proximate cause of the damages, harm, pain, suffering, and injuries suffered by Plaintiff.

**(24)** The actions, refusal and failure to act, and the deliberate indifference to Plaintiff's serious medical condition and serious medical needs, displayed by the named Defendants, have resulted in violations of the Plaintiff's right to be free from cruel and unusual punishment as guaranteed by the Eighth

Amendment of the United States Constitution, and Article 1, paragraph 12 of the New Jersey Constitution (1947); violates the statutory requirement of NJSA 30:7E-7 to provide contracted health care to inmates regardless of gender identity; violates the statutory requirement of NJSA 30:4D-9.1 to not discriminate against transgender persons in the provision of medical care; violates the statutory requirement of NJSA 17:48A-7II, NJSA 17:48-60o; NJSA 27A-7.22 and NJSA 26:2J-4.40 which prohibit discrimination against transgender patients in the provision of medical care; and violates U.S. COnstitutional Amendment Five and Fourteen (Due Process, Liberty Interest) guarantees as applied to Plaintiff.

WHEREFORE, Plaintiff seeks Judgment in her favor and against the named Defendants, individually, jointly, and in the alternative, for the relief specified below.

### RELIEF SOUGHT

(1) Plaintiff seeks an injunction from this court to compel the NJDOC and named Defendants to provide her with medically necessary care, to include, but not be necessarily limited to, Corrective Permanent Removal of Male Facial and Body Hair and Feminizing Reconstructive Breast Augmentation surgery with implantation of reasonable, average sized (approximately 150cc to 200cc) silicone breast prostheses in each breast, under the pectoral muscles, by a licensed, board certified plastic surgeon or other equally qualified surgeon with experience and expertise in this procedure in other transgender patients, as early as is practicable, but in no case later than sixty (60) days after the issuance of said injunction;

(2) Plaintiff seeks compensation for physical and mental pain and anguish inflicted by the actions and/or failure of the Defendants to act in the provisions of the specified necessary medical care to Plaintiff, said damages to include nominal, punitive, incidental, and discretionary damages;

(3) Plaintiff seeks reimbursement for expenses and costs of this suit;

**(4)** Any other further relief determined by this court to be justified and warranted by the facts of this case.


Dated:_____, 2021          _____

                                 Michelle Angelina, Pro Se Plaintiff


## CERTIFICATION

I certify that the foregoing factual statements made by me in this complaint are true and correct. I am aware that if any of the foregoing factual statements made by me are willfully false, I am subject to punishment under penalty of perjury under the laws of the state of New Jersey.


Date:_____, 2021           _____

                                 Michelle Angelina, Pro Se Plaintiff


## CERTIFICATION OF NO OTHER ACTIONS

I hereby certify that the dispute about which I am sing in this present matter is not the subject of any other action pending in any other court or pending at an arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.


Dated:_____, 2021

                    Signature:_____

                                 Michelle Angelina, Pro Se Plaintiff

Michelle Angelina, Pro Se Plaintiff
Edna Mahan Correctional Facility
30 County Road, Route 513
Clinton, New Jersey 08809
(908)735-7111
Pro Se Plaintiff

---

MICHELLE ANGELINA
Plaintiff

        vs.

MARCUS HICKS, COMMISSIONER, New Jersey
Department of Corrections,

VICTORIA KUHN, COMMISSIONER, New Jersey
Department of Corrections,

DR. ARTHUR BREWER,

DR. RALPH WOODWARD,

DR. HESHAM SOLIMAN,

DR. SANDRA BRAIMBRIDGE,
   Individually,   Jointly,   Severally,
  and Alternatively,

      Defendants

---

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the
Superior Court of New Jersey. The Complaint attached to this summons states
the basis for this lawsuit. If you dispute this complaint, you or your
attorney must file a written answer or motion and proof of service with
the deputy clerk of the Superior Court in the County listed above within
35 days from the date you receive this summons, not counting the date
you received it. (The address of each deputy clerk of the Superior Court
is provided.) If the complaint is one in foreclosure, then you must file
your written answer or motion and proof of service with the Clerk of the
Superior Court, Hughes Justice Complex, Po. Box 971, Trenton, NJ 08625.
A filing fee payable to the Treasurer, State of New Jersey and a completed
Case Information Statement (available from the deputy clerk of the Superior
Court) must accompany your answer or motion when it is filed. You must
also send a copy of your answer or motion to the Pro Se Plaintiff named
above. A telephone call will not protect your rights; you must file and
serve a written answer or motion (with a fee of $135.00 and completed
Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35
days, the court may enter a judgment against you for the relief plaintiff
demands, plus interest and costs of suit. If judgment is entered against
you, the Sheriff may seize your money, wages or property to pay all or

part of the judgment.

    If you can not afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-579-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is provided.

Clerk of the Superior Court

DATED:_____, 2021

Name of Defendant to be Served:

Address of Defendant to be Served:

NOTE: The Case Information Statement is available at www.njcourts.com.

# EXHIBIT C

**PREPARED BY THE COURT**

_____

| | | |
|---|---|---|
| Michelle Angelina, SBI#339899c, | : | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | : | MERCER COUNTY |
| vs. | : | Docket No. Mer-L-2481-21 |
| Marcus Hicks, Commissioner, N.J. Dept. of Corrections, et als., | : | Civil Action |
| Defendants. | : | **ORDER FOR WAIVER OF FEES** |

**THIS MATTER** being opened to the Court by **Michelle Angelina, SBI#339899c**, is seeking a waiver of filing fees on the grounds of indigency; and the Court having reviewed the papers submitted in support of this application for a declaration of indigency and the waiver of filing fees pursuant to R. 1:13-2 or R. 2:7-1 and in conjunction with AOC Directive #03-17,

**IT IS** on this __29th____ day of __November_____, **2021**, **ORDERED that the application is:**

____√___ **GRANTED: All fees related to the filing shall be waived. The applicant is responsible for any costs associated with the service and/or advertising/publishing of any complaint. If applicant is awarded more than $2000 in this case, the applicant is responsible to repay any and all fees waived as determined by the court.**

____ DENIED:

___ Failure to establish household income is below 150% of the federal poverty level and/or that applicant has no more than $2500 in liquid assets;

_____ Failure to produce most recent award statement of proof of eligibility for public assistance and/or social security disability;

____ Failure to produce two (2) months of documentation for welfare, public assistance, unemployment, disability, social security, child support/alimony or other income; and/or failure to produce six (6) months of all bank account statements;

_____ The court finds that the complaint, application, motion, appeal, petition or other filing is frivolous or malicious or constitutes an abuse of process.

**IT IS FURTHER ORDERED** that the applicant shall serve a copy of this Order on all parties within seven (7) days from the date of this Order. This order expires one year after the final disposition of the case/judgment. If filed on appeal, the provisions of Rule 2:7-4 shall apply. Once the fee waiver has expired, the litigant is required to file another request for any further waiver of fees in this matter.

                                            /s/ Douglas H. Hurd

                                    **HONORABLE DOUGLAS H. HURD, P.J. CV.**

# EXHIBIT D

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON        NJ 08650-0068
                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:   NOVEMBER 29, 2021
                          RE:     ANGELINA, SBI#339899 MICHELLE  VS MARCUS HICKS, C
                          DOCKET: MER L -002481 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      050
AT:  (609) 571-4200 EXT 74432.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                    MICHELLE ANGELINA, SBI#339899
                                    EDNA MAHANN CORRECTIONAL FACILITY
                                    P.O. BOX 4004
                                    CLINTON          NJ 08809




JUWHER1
```

# EXHIBIT E

ANDREW J. BRUCK
ACTING ATTORNEY GENERAL OF NEW JERSEY
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants Victoria Kuhn and Marcus Hicks

By:  Eric Intriago
     Deputy Attorney General
     Attorney ID# 274302019
     (609) 376-3125
     Eric.intriago@law.njoag.gov

| | |
|---|---|
| MICHELLE ANGELINA, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: MERCER COUNTY |
| Plaintiff, | : DOCKET NO.: MER-L-2481-21 |
| v. | : |
| | : **Civil Action** |
| MARCUS HICKS, et al., | : |
| | : **NOTICE OF APPEARANCE** |
| Defendants. | : |
| | : |

To: Clerk of Court

Kindly enter my appearance for Defendants Marcus Hicks and Victoria Kuhn in the above-captioned matter.


                    Respectfully Submitted,

                    ANDREW J. BRUCK
                    ACTING ATTORNEY GENERAL OF NEW JERSEY


               By:  *s/ Eric Intriago*
                    Eric Intriago
                    Deputy Attorney General



DATED: January 19, 2022